UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| THAIRON RATLIFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 4:18-cv-118-RLY-DML |
| vs. | ) |
| | ) |
| TINA MARIE TODD/JOHNSON *et al.* | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PENDING MOTIONS**

The *pro se* Plaintiff, Thairon Ratliff, and his former wife, Defendant Tina Marie Todd Johnson, had two children together. Following their divorce, Tina married Defendant Tyson Johnson, who filed petitions to adopt the children on March 23, 2017.

His Complaint names as defendants Tina and Tyson Johnson; Tina's attorneys in the adoption proceedings, Meredith L. McIntyre and David A. Smith d/b/a McIntyre & Smith; his court-appointed attorneys in the adoption proceedings, Frederick Turner and Nicholas Smith; the court-appointed guardian ad litem in the adoption proceedings, Melissa Richardson[1]; the Clerk of the Lawrence Circuit Court, Billie Tumey; Judge Steven R. Galvin of the Monroe Circuit Court; and Judge Lynne E. Ellis of the Martin Circuit Court. Broadly, Plaintiff alleges that the opposing parties conspired with officers of the court to wrongfully grant his wife a divorce and then to fraudulently procure the

---

[1] Plaintiff refers to Richardson as "Defendant Johnson" in parts of his Complaint.

1

adoption of his biological children. His Complaint consists of two counts: (1) fraud on the court against all named Defendants except Tina; and (2) spoliation of evidence against Tumey and Judge Galvin.

Currently pending are seven motions: (1) Defendant Melissa Richardson's Motion to Dismiss; (2) Defendants Meredith L. McIntyre and David A. Smith's Motion to Dismiss; (3) Judge Steven R. Galvin and Judge Lynne E. Ellis's Motion to Dismiss; (4) Defendants Meredith L. McIntyre and David A. Smith's Motion for Ruling on Defendants' Motion to Dismiss; (5) Defendant Frederick Anthony Turner's Motion to Dismiss; (6) Defendant Nicholas Siler's Motion for Judgment on the Pleadings; and (7) Defendant Billie Tumey's Motion for Judgment on the Pleadings. For the reasons set forth below, the court finds the Motions should be **GRANTED**.

I. **Background**

Plaintiff begins his Complaint with allegations against Judge Andrea McCord of the Lawrence Circuit Court regarding Plaintiff's divorce proceedings and the petitions to adopt his children. (Filing No. 1, Compl. at 3). He alleges the law firm that represented Tina and Tyson, McIntyre & Smith, "is a fictitious entity acting as a legal entity and filing paperwork in fraud in the wrong venue with the intent of hunting a judge as opposed to legal venue." (*Id*. at 15). According to Plaintiff, Judge McCord knew there were fatal defects in the pleadings submitted by Tina and Tyson's lawyers, but "passe[d] the defective illegally filed" case to Judge Stephen Galvin, who was appointed Special Judge. (*Id.* at 5-6). Judge Galvin appointed Richardson as guardian ad litem. (*Id.* at 7).

Plaintiff alleges Judge Galvin knew the children lived in Martin County and that the petitions for adoption were filed in Lawrence County. Under Plaintiff's interpretation of Indiana law, Judge Galvin had no jurisdiction over the petitions and should not have assumed it. (*Id.* at 6). Furthermore, Plaintiff claims, the documents in the adoption hearings were filed in Lawrence County, but hearings were being held in Monroe County. (*Id.* at 7). These hearings, he alleges, are not documented and the recordings from the hearings cannot be located. (*Id.*). "[Judge] Galvin's sessions in the foreign court of Monroe County is his spoliation of evidence and records in these adoptions." (*Id.*).

In addition, Plaintiff claims Judge Galvin illegally appointed Turner as court-appointed counsel against his wishes. (*Id.* at 6). Turner filed a motion for change of venue to Martin County allegedly without his consent. (*Id.* at 8). Judge Galvin granted the motion and ordered that the matter be transferred to Martin County. (*Id.*). Tumey, as Clerk of the Lawrence Circuit Court, "played a vital role in the spoliation of records" by transferring the Clerk's record in the adoption matters to Martin County pursuant to Judge Galvin's order. (*Id.* at 9-10).

Judge Ellis of the Martin Circuit Court assumed jurisdiction even though Plaintiff (and not his attorney) had filed a document which "vacate[d] the judgment that transferred the adoptions." (*Id.* at 11). According to Plaintiff, "[Judge] Ellis did not have jurisdiction holding onto defective pleadings filed in the wrong venue." (*Id.* at 13). Judge Ellis "without informing [Plaintiff]" appointed Siler as counsel (apparently after Turner withdrew). (*Id.* at 12). Siler, like Turner, allegedly "appear[ed] in court and in

3

conferences without consulting [Plaintiff]" and "fail[ed] to give proper notice of hearings." (*Id.* at 12). Judge Ellis and Siler allegedly worked with Tyson and his attorneys "to stampede [his] rights and access to his children for profit and personal gain." (*Id.* at 13). Plaintiff also alleges that Richardson, the guardian ad litem, performed an investigation of the children's home and "seemed to think it was honky-dory" even though Tyson "has a criminal history and was reported to be growing marijuana's [sic] home." (*Id.*).

Ultimately, Plaintiff alleges, he was "physically threatened with involuntarily incarceration 90 days without bail in civil contempt for any effort he made to seek his right to Due process and Self-Defense in his rights to his children." (*Id.* at 18). Consequently, he was forced to move to Delta, Colorado on May 2, 2018, "in order to fight for his children here in Federal Court." (*Id.* at 3, 15). He filed the present action on July 9, 2018.

## II. Discussion

The parties' motions do not raise identical arguments but do share some in common. First, the attorneys—McIntyre, Smith, Siler, and Turner—argue the Rooker-Feldman doctrine deprives the court of subject matter jurisdiction. Second, McIntyre, Smith, Siler, and Richardson argue the court lacks diversity jurisdiction. And third, Judge Galvin, Judge Ellis, Richardson, and Tumey argue they are entitled to immunity from suit. The parties raise other arguments, but the court chooses to focus only on these dispositive issues.

4

### A. Rooker-Feldman Doctrine

In Count I, Plaintiff alleges all Defendants, except for Tina,[2] committed a fraud on the court. Specifically, he alleges

> Defendants . . . engaged in a scheme to deprive [Plaintiff] of his due process, access to his children [sic] his files and [his freedom] by perpetrating a fraudulent divorce by fraudulent parties with the intent to unlawfully prevent him from seeing his children and then adopting them and should he fight and file papers the court threatens by in order to imprison him.

(*Id.* at 23).

The attorneys argue that Plaintiff's claim asserted in Count I should be dismissed under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes the district court from exercising subject matter jurisdiction over claims that essentially seek appellate review of a state court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 n. 16 (1983). The doctrine bars not only attacks on issues actually decided in state court, but also extends to claims that are "inextricably intertwined" with the state court judgment. *Rothman v. Supreme Court of Illinois,* No. 02 C 2943, 2002 WL 1163720, *2 (N.D. Ill. May 31, 2002) (citing *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999)). "The key inquiry is 'whether the district court is in essence being called upon to review the state-court decision.'" *Manley v. City of Chicago,* 236 F.3d 392, 396 (7th Cir. 2001) (quoting *Feldman*, 460 U.S. at 483-84 n. 16).

---

[2] Tina is not named as a defendant apparently because "Tina is in fact still Plaintiffs [sic] wife." (Compl. at 23).

Plaintiff's Complaint alleges a scheme which culminated in a fraudulent divorce and fraudulent adoption. (*Id.* at 23). Along the way, he raises a multitude of procedural violations he claims occurred in the proceedings below. He alleges, among other things, that he was injured through violations of his Fifth Amendment right to due process, his Sixth Amendment right to counsel, his First Amendment rights to petition and have access to courts, and his Fourth Amendment "right to privacy." (Compl. at 17). Plaintiff asserts no claim that is separate and apart from the state court judgments; rather, the harms he suffered, including his "forced" relocation to Colorado, stem directly from the adjudication of the divorce and adoptions suits. His remedy was to file a motion for relief from judgment pursuant to Rule 60 of the Indiana Rules of Trial Procedure or an appeal with the Indiana Court of Appeals. He cannot seek redress by a collateral attack in the federal district court. McIntyre and Smith's Motion to Dismiss, Siler's Motion for Judgment on the Pleadings, and Turner's Motion to Dismiss are therefore **GRANTED**.

### B.  Judicial Immunity

As noted above, Count I for fraud on the court is asserted against Judge Galvin and Judge Ellis. Additionally, in Count II, Plaintiff alleges Judge Galvin is liable for "spoliation of records." The judges argue they are entitled to judicial immunity

A judge is entitled to absolute immunity from suit if at the time he took the challenged action, he had jurisdiction over the subject matter before him. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear

absence of all jurisdiction." *Id*. at 356-357 (internal quotation marks omitted); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[Judicial] immunity applies even when the judge is accused of acting maliciously or corruptly.").

Plaintiff claims that Judge Galvin and Judge Ellis were without jurisdiction to act because the petitions for adoption were filed in the wrong county. Therefore, all their actions were illegal. (Compl. at 13, 20).

Pursuant to Indiana Code § 31-19-2-2(a), a petition for adoption may be filed in the county in which the petitioner or child resides. The statute specifically provides that "[t]he county in which the petition for adoption may be filed is a matter of venue and not jurisdiction." Ind. Code § 31-19-2-2(b). Moreover, venue can be waived in Indiana if a timely objection is not made within 23 days of service. *Claycomb v. Simpson*, 572 N.E.2d 546, 547 (Ind. Ct. App. 1991); T.R. 75(A). Plaintiff did not timely object to venue. (Compl. at 6 (noting he discovered the issue of improper venue in August 2017)). Thus, Judge Galvin and Judge Ellis had jurisdiction over the petitions for adoption and any issue of improper venue was waived by Plaintiff.

Plaintiff also claims that Judge Galvin and Judge Ellis committed fraud and were in cahoots with the Defendants. Even if this is true, judicial immunity is not overcome with allegations that the act is illegal, unauthorized, or motivated by bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (noting judicial immunity is "not overcome with allegations of bad faith or malice"). Judicial immunity applies despite Plaintiff's claims that both judges conspired with the other Defendants. *Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir.

1996) ("It would not do to strip a judge or prosecutor of his immunity merely because he conspired with nonimmune persons.").

Judge Galvin and Judge Ellis had jurisdiction over the petitions for adoption and all of the acts of which Plaintiff complains were judicial acts. Therefore, Judge Galvin and Judge Ellis are entitled to judicial immunity on Plaintiff's claims. Their Motion to Dismiss is therefore **GRANTED**.

### C. Absolute Immunity

Plaintiff sues Richardson in Count I as well. "Guardians ad litem . . . are absolutely immune from liability for damages when they act at the court's direction." *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). As the *Cooney* court explained:

> Experts asked by the court to advise on what disposition will serve the best interests of a child in a custody proceeding need absolute immunity in order to be able to fulfill their obligations without the worry of intimidation and harassment from dissatisfied parents.

*Id.* (quotation omitted).

Here, Richardson was appointed by both Judge Galvin and Judge Ellis to act as guardian ad litem. From a reading of Plaintiff's Complaint, she worked within the scope of her court-appointed duties. Accordingly, Richardson is entitled to absolute immunity. Her Motion to Dismiss is **GRANTED**.

### D. Quasi-Judicial Immunity

Finally, Plaintiff sues Tumey in both Count I (fraud on the court) and Count II (spoliation of records). Court officials who act at the direction of a judge or pursuant to court order are entitled to absolute quasi-judicial immunity from suit

for those actions. *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992); *see also Coleman v. Dunlap*, 695 F.3d 650, 652 (7th Cir. 2012) ("Parties who . . . execute orders of judges . . . also enjoy absolute immunity."). Here, Tumey transferred the adoption file, pleadings, and contents from Lawrence County, where she is Clerk of the Courts, to Martin County, where the matter continued. She performed that action at the direction of Judge Galvin. (*See* Filing No. 57-2, Order for Transfer to Preferred Venue). As such, she is entitled to absolute immunity. Tumey's Motion for Judgment on the Pleadings is therefore **GRANTED**.

## E. Diversity Jurisdiction

Counts I and II assert subject matter jurisdiction based on diversity of citizenship. (Compl. at 17). McIntyre, Smith, Siler, and Richardson argue the court lacks diversity jurisdiction. 28 U.S.C. § 1332. To satisfy the requirements of § 1332, the parties must be citizens of different states and the amount in controversy must exceed $75,000. *Id.* Most, if not all, of the Defendants live[3] in Indiana. (Compl. at 16-17). In his Complaint, Plaintiff alleges that, "[a]t all relevant times, he lived and conducted business in the Southern District of Indiana." (Compl. at 18). He moved to Colorado "in order to fight for his children in Federal Court." (*Id.* at 3).

---

[3] Plaintiff does not use the term "citizenship" in his Complaint. He alleges he is a resident of Colorado, the Defendants are residents of Indiana, and the amount in controversy is greater than $75,000. "When the parties allege residence but not citizenship, the court must dismiss the suit." *Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d at 57, 59 (7th Cir. 1996). This is yet another ground for dismissal.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Domicile, for purposes of diversity of citizenship, has two elements: "(1) physical presence or residence in a state and (2) an intent to remain in the state." *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F.Supp.2d 924, 931 (N.D. Ill. 2009) (citing *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996)). While Plaintiff may have a physical presence in Colorado, he has not shown an intent to remain there. Indeed, he admits his citizenship in Colorado is simply a means to create diversity jurisdiction where none exists.

Furthermore, Plaintiff fails to allege any claims that would invoke the court's federal question jurisdiction under 28 U.S.C. § 1331. Although he mentions various constitutional violations, he seeks recovery for state court claims. His claim for fraud on the court seeks relief from a fraudulent divorce and fraudulent adoption and his claim for spoliation does not assert a federal question.

For these reasons, the court finds it does not have subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 or § 1332. McIntyre and Smith's Motion to Dismiss, Siler's Motion for Judgment on the Pleadings, and Richardson's Motion to Dismiss are **GRANTED** on this ground as well.

### III. Conclusion

Accordingly, (1) Defendant Melissa Richardson's Motion to Dismiss (Filing No. 20) is **GRANTED**; (2) Defendants Meredith L. McIntyre and David A. Smith's Motion

to Dismiss (Filing No. 22) is **GRANTED**; (3) Judge Steven R. Galvin and Judge Lynne E. Ellis's Motion to Dismiss (Filing No. 32) is **GRANTED**; (4) Defendants Meredith L. McIntyre and David A. Smith's Motion for Ruling on Defendants' Motion to Dismiss (Filing No. 45) is **GRANTED**; (5) Defendant Frederick Anthony Turner's Motion to Dismiss (Filing No. 47) is **GRANTED**; (6) Defendant Nicholas Siler's Motion for Judgment on the Pleadings (Filing No. 38) is **GRANTED**; (7) Defendant Billie Tumey's Motion for Judgment on the Pleadings (Filing No. 56) is **GRANTED**.

**SO ORDERED** this 31st day of May 2019.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copy mailed to:

**THAIRON KEITH RATLIFF**
211 Airport Road
Panama City, FL 32405

Distributed Electronically to Registered Counsel of Record.